## THE GROVER & BAKER SEWING MACHINE CO. v. BUTLER.

PATENT.—*State Legislation.*—No state legislation should be so construed as to interfere with the enjoyment of property in inventions, as secured by letters-patent of the United States, or to annex conditions to such a grant.

SAME.—*Act Respecting Foreign Corporations and their Agents.*—The provisions of the act "respecting foreign corporations and their agents in this State" (1 Rev. Stat. 1876, p. 373) do not apply to a foreign corporation which is the owner, either as patentee or as assignee, of letters-patent issued by the United States, or to its agents in this State, in its transactions in this State, connected with the manufacture, use or sale of the invention described in such letters-patent.

From the Newton Circuit Court.

*Troxell, Ward & Graham,* for appellant.

Howk, J.—This is an action by appellant, the payee, against appellee, the maker of a promissory note. Appellee's answer states, in substance, that appellant is a foreign corporation, not organized under the laws of this State; that the note sued upon was executed to appellant in Newton County, Indiana, in consideration of a sewing-machine, sold to appellee by one J. F. Kitsmiller, who represented himself a duly authorized agent of the appellant in said county, and that said Kitsmiller did not deposit in the office of the clerk of said Newton County any power of attorney or other authority from appellant, authorizing said Kitsmiller to transact business in said county in appellant's name, and authorizing service of process on appellant, by service on said Kitsmiller, in said county.

To this answer appellant demurred, upon the ground that it did not state facts sufficient to constitute a defence to the action. The demurrer was overruled, and appellant excepted.

Appellant then replied specially to the answer, that the sewing-machine, sold by appellant to appellee, as alleged in the answer, and for which the note in suit was executed, was an article or implement, the sole and exclusive right and privilege of the manufacture and sale of which were, prior to and at the time of said sale thereof, vested in appellant by virtue of certain letters-patent, issued by the government of the United States of America, on the 22d day of June, 1852, to William O. Grover and William E. Baker, and re-issued on the 6th day of July, 1858, by said United States, to the appellant, and extended by said United States on the 21st day of June, 1866, for seven years from that time, and by virtue also of the assignment to appellant, by said Grover & Baker, of their right, title, interest, claim and demand in, to and under said letters-patent, and the re-issue and extension thereof. Copies of the re-issued let-

ters-patent, and of the extension thereof, and of said assignment, are filed with and made part of said reply. And appellant then averred in said reply, that the sewing-machine, in said answer mentioned, was manufactured and sold to appellee by the appellant, pursuant to the authority and under and by virtue of the franchise vested in and secured to appellant in manner and form aforesaid, and not otherwise.

To this reply appellee demurred, upon the ground that it did not state facts sufficient to constitute a reply to appellee's answer. This demurrer was sustained by the court below, and to this decision appellant excepted. And appellant refusing to amend its reply, judgment was rendered for the appellee, upon his demurrer.

In this court, the appellant has assigned the following errors, on the record:

1. The overruling of appellant's demurrer to appellee's answer.

2. The sustaining of appellee's demurrer to appellant's reply to the answer.

The first alleged error was intended, we suppose, to present to this court, for its consideration, the sufficiency of the facts stated in appellee's answer to constitute a defence to this action. As, however, the appellant's attorneys, in their brief on file in this cause, have completely ignored this first alleged error, we shall, in conformity with the well established practice of this court, regard this error as waived by the appellant, and will neither consider nor decide any question thereby presented, or intended to be presented, for our determination.

A more interesting question, however, is presented for the consideration of this court, by the alleged error assigned upon the ruling of the court below on appellee's demurrer to appellant's reply to the answer. In this reply, appellant virtually admitted the facts stated in appellee's answer to be true; and in avoidance of the legal conclusion heretofore considered as resulting from those facts, the appellant then

stated, in substance, that, by virtue of certain letters-patent, issued by the government of the United States to William O. Grover and William E. Baker, and of their assignment of their right, title, interest, claim and demand in, to and under said letters-patent to the appellant, and of the re-issue and the extension of said letters-patent by the United States to the appellant, the exclusive right and privilege to manufacture and sell the sewing-machines, the sale of one of which machines was the consideration of the note in suit, was vested in the appellant, prior to and at the time of the sale to appellee.   And then it is averred in the reply, that the sewing-machine, mentioned in appellee's answer, was manufactured and sold by appellant to appellee, pursuant to the authority, and under and by virtue of the franchise vested in and secured to appellant in manner and form aforesaid, and not otherwise.

The act respecting foreign corporations and their agents in this State is broad and comprehensive in its terms, and contains no exceptions.   It has been recognized by this court as a valid law.   But can it be held to apply to this case, as the same is made by the averments in appellant's reply?   In this State, it is conceded that the constitution of the United States and the acts of Congress pursuant thereto and in conformity therewith are the supreme law of the land.   In so far, therefore, as an act of the general assembly of this State is in conflict with this supreme law of the land, that far forth, at least, the act of the state legislature is inoperative and of no binding force.

Section 8 of the first article of the constitution of the United States provides, that " the Congress shall have power," *inter alia*, " to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." 1 R. S. 1876, pp. 5, 6.   The power thus vested in Congress is not expressly an exclusive power, but practically it has been so regarded and acted upon, since the adoption of the constitution.   Under this power, Congress has legislated

from time to time, as it was deemed advisable, since the organization of the government. Under this legislation it has generally been provided that the letters-patent, issued in conformity therewith, should contain, among other things, a grant to the patentee, his heirs or assigns, for a specified and limited time, of the exclusive right to make, use and vend the invention or discovery, throughout the United States and territories thereof. To this effect is the language used in section 4,884, of the Revised Statutes of the United States, page 953; and in this respect the language there used does not differ materially from the language used in previous legislation by Congress on the same subject. In the case now under consideration, the letters-patent, re-issued to appellant, a copy of which is filed with and made part of the reply, contain a grant to appellant, its successors or assigns, for a limited time, of " the full and exclusive right and liberty of making, constructing, using and vending to others to be used" the improved sewing-machine mentioned therein. In the reply, it is averred that the appellant, under and by virtue of the right and liberty granted in its letters-patent, and the extension thereof, and pursuant thereto, had manufactured and sold to the appellee the sewing-machine mentioned in his answer, in consideration of which sale both parties admit that the note in suit was executed.

If the facts stated in the reply are true, and, if well pleaded, their truth is admitted by appellee's demurrer to the reply, then at the time of the sale of the sewing-machine to appellee, and at the time of the execution of the note sued upon, the appellant undoubtedly held, under the constitution of the United States and the acts of Congress pursuant thereto, the full and exclusive right to make, use and vend, in this State, the sewing-machines mentioned in its letters-patent. Now, the question arises, was that right, so held by appellant, a foreign corporation, affected in any manner by the provisions and requirements of the law of this State,

before mentioned, respecting foreign corporations, and their agents in this State?

Upon this question we have not been able to find any reported case which is directly in point. *Ex parte Robinson*, 2 Bissell, 309, was a decision of the U. S. Circuit Court, for the District of Indiana, upon a statute of this State, the object of which, as expressed in its title, was "to regulate, the sale of patent-rights, and to prevent frauds in connection therewith," 3 Ind. Stat. 364. In that case, DAVIS, J., in rendering the decision, used this language: "The property in inventions exists by virtue of the laws of Congress, and no state has a right to interfere with its enjoyment, or to annex conditions to the grant. If the patentee complies with the law of Congress on the subject, he has a right to go into the open market anywhere within the United States and sell his property. If this were not so, it is easy to see that a state could impose terms which would result in a prohibition of the sale of this species of property within its borders, and in this way nullify the laws of Congress, which regulate its transfer, and destroy the power conferred upon Congress by the constitution."

In *Helm* v. *The First National Bank of Huntington*, 43 Ind. 167, the language of DAVIS, J., just recited, is quoted by BUSKIRK, J., in his opinion, with approval. In this latter case, this court held that the statute of this State, entitled, "An act to regulate the sale of patent-rights, and to prevent frauds in connection therewith," *supra*, which became a law, without the approval of the governor, on the 23d day of April, 1869, was unconstitutional and void. The doctrine of this case, as we construe it, is, that no state has a right to interfere by legislation with the enjoyment of property in inventions, as secured by letters-patent of the United States, or to annex conditions to the grant; and the conclusion we deduce from this doctrine is, that none of the legislation of this State should be so construed as to interfere with the enjoyment of such property, or to annex conditions to such a grant. Where a foreign corporation is the owner, either as patentee or

assignee, of letters-patent issued by the United States, and the transactions of such corporation, in this State, are connected with the manufacture, use, or sale of the invention described in such letters-patent, we hold that the provisions and requirements of the act of this State entitled, "An act respecting foreign corporations and their agents in this State," approved June 17th, 1852, 1 Rev. Stat. 1876, p. 373, do not apply to such foreign corporation, or its agents in this State, in such transactions in this State.

It follows, therefore, that the court below erred in sustaining appellee's demurrer to the reply.

The judgment is reversed, at the costs of appellee, and cause remanded, with instructions to the court below to overrule the demurrer to the reply, and for other proceedings.