## SHOOK ET UX. *v.* THE SINGER MANUFACTURING CO.

PROMISSORY NOTE.—*False Representations.*—*Fraud.*—*Warranty.*—*Pleading.*—*Practice.*—In a suit upon a promissory note, by the payee thereof, against the maker, the latter answered, alleging that such note was obtained by false representations, made by the agent of the payee to such maker, concerning the qualities of a sewing machine, for which such note was executed; and also that such agent warranted "that it was a good machine and would work all right," alleging a breach of the warranty.

*Held*, that, as an answer of fraud, such pleading is insufficient in not alleging that the representations were fraudulently made, and that the agent of such payee knew, at the time he made them, that they were false.

*Held*, also, that, admitting that the warranty is well pleaded, the defendant was not injured by the ruling of the court sustaining a demurrer to such answer, it appearing that a warranty of the machine was set up in another paragraph of answer, upon which issue of fact was taken and trial had.

PATENT.—*Act Respecting Foreign Corporations and their Agents.*— The provisions of the act "respecting foreign corporations and their agents in this State," 1 R. S. 1876, p. 373, do not apply to a foreign corporation which is the owner, either as patentee or assignee, of letters-patent issued by the United States, or to its agents in this State, connected with the manufacture, use or sale of the invention described in such letters-patent.

From the Ripley Circuit Court.

*G. Durbin* and—— *Hazen,* for appellants.

*H. W. Harrington, A. G. Howe, E. A. Davis, J. K. Jones, W. D. Ward* and *J. B. Rebuck,* for appellee.

BIDDLE, J.—Suit on a promissory note made by the appellants to the appellee. No question is made upon the complaint.

. The appellants answered:

1. Admitting the execution of the note, and that it remains unpaid.

2. That the note was executed in Ripley county, in the State of Indiana, and delivered to the agent of the appellee; that the appellee was at the time, and still is, a foreign corporation, organized under the laws of the State of New York; that, before and at the time of the execution of said note, the said agent had failed to deposit in the office of the clerk of said county, any power of attorney, commission, appointment, or other authority, under and by virtue of which he assumed to act as the agent of the appellee; and had failed to procure from the appellee, and file with the clerk of the circuit court of said county, a duly authorized order, resolution or other authority of the board of directors or managers of said corporation, authorizing citizens and residents of this State having claims and demands against said corporation, arising out of any transaction in said county with such agent, to maintain an action in respect to the same in any court in said county of competent jurisdiction, and authorizing the service of process in such action upon such agent to be valid service upon said corporation. Wherefore, etc

. The amended third paragraph of answer avers, that the note was given for a Singer Sewing Machine, and for no other consideration; that the note was obtained by false representations, made by the agent of the appellee to the appellants, concerning the qualities of the machine; and, also, that the agent warranted "that it was a good machine, and would work all right," alleging a breach of the warranty.

The fourth paragraph of answer avers a warranty of the machine, and alleges a breach of the warranty.

A demurrer for the alleged want of sufficient facts to constitute a defence was overruled to the fourth paragraph of answer, and sustained to the third. Exceptions. Reply of denial to second and fourth paragraphs, and a special reply to the second paragraph, as follows:

That the appellee " has full right to enforce the contract in the complaint mentioned, in this court, any law or statute of the State of Indiana to the contrary notwithstanding, because I. P. Jones, of the State of New York, the original inventor and patentee of a new and useful improvement in the making of sewing machines, and which he, the said Jones, lawfully assigned to the plaintiff's keeping; and afterwards, to wit, on the 26th day of January, 1869, under the law of the United States, letters-patent to make, use and vend sewing machines, and the said improvements were issued by the proper authorities to the said Singer Manufacturing Company, plaintiff, copies of which letters-patent are filed herewith. And plaintiff avers, that as a corporation she is engaged now, and was at the time of making said note, solely in making said patented sewing machines, and the said improvements thereon, and under said original letters patent, and in making the same and other articles and appurtenances incident to and connected therewith, and in no other or different business transactions whatever; and that the indebtedness of the said defendants on said note grew out of the sale of said machine. And

the plaintiff says, by virtue of said letters-patent, she had full authority to go into any portion of the United States and vend said machines as such patentees, and that any laws of the State of Indiana circumscribing her said rights and immunities were and are null and void. Wherefore she prays judgment, as asked in the complaint."

To this reply a demurrer, alleging the insufficiency of the facts therein stated, was overruled, and exceptions reserved.

Upon this state of the pleadings, there was a trial by the court, and a finding for the appellee.

The assignments of error in this court are:

1st. That the court erred in sustaining the demurrer to the third paragraph of answer;

2d. That the court erred in overruling the demurrer to the first paragraph of reply to the second paragraph of the answer.

We do not think that the first error assigned is sustained. The third paragraph of answer, as an answer of fraud, is insufficient in not alleging that the representations were fraudulently made, and that the agent of the appellee knew at the time he made them that they were false; nor does it show that the appellants solely relied on the representations. The averment is, that the appellants, " relying upon said representations and said warranty, purchased said machine and executed said note," etc.

And admitting that the warranty was well pleaded, which we doubt, yet the appellants have not been injured by the ruling, because the fourth paragraph of answer set up a warranty of the machine, upon which issue of fact was taken and trial had. As to what constitutes fraud or false representations, see *Gregory* v. *Schoenell*, 55 Ind. 101.

. By the authority of the case of *The Grover & Baker S. M. Co.* v. *Butler*, 53 Ind. 454, where the same question is carefully examined by HOWK, J., and settled by

this court, we must hold the special reply to the second paragraph of answer sufficient.

We find no error in the record.

The judgment is affirmed, at the costs of the appellants, with ten per cent. damages.