Brechbill v. Randall *et al.*

No. 12,143.

BRECHBILL v. RANDALL ET AL.

CONSTITUTIONAL LAW.—*Act Regulating Sale of Patent Rights.*—The statute requiring persons who sell, or offer for sale, patent rights to file with the clerk of the proper county a duly authenticated copy of the letters patent, and an affidavit that the letters are genuine and have not been revoked or annulled, and that they have authority to sell the right patented, is valid.

SAME.—*Power of State to Make Police Regulations.*—The State has power to make police regulations for the protection of its citizens against fraud and imposition.

SAME.—*Discrimination.*—*Restriction upon Commercial Intercourse.*—The State is not inhibited from enacting police regulations which operate upon instrumentalities or articles of commerce, provided no discriminations are made against classes of citizens, and no restrictions are placed upon commercial intercourse.

SAME.—In enacting a statute particularly applicable to one thing of a peculiar nature, there is no discrimination, and no obstruction of commerce.

CASE OVERRULED.—*Grover & Baker Sewing Machine Co.* v. *Butler*, 53 Ind. 454, is overruled.

From the Noble Circuit Court.

*P. V. Hoffman* and *N. L. Agnew*, for appellant.
*W. L. Penfield*, for appellees.

ELLIOTT, J.—If the statute requiring persons who sell, or offer for sale, patent rights to file with the clerk of the proper county a duly authenticated copy of the letters patent, and an affidavit that the letters are genuine and have not been revoked or annulled, and that he has authority to sell the right patented, is valid, this judgment must be affirmed; otherwise it must be reversed.

In our opinion the statute is valid, for the reason that in enacting it the Legislature exercised a police power resident in the State. The power to make police regulations for the protection of its citizens against fraud and imposition is not taken from the States by the Federal Constitution or by any National statute. It has, indeed, been authoritatively settled that the National Legislature can not exercise police

Brechbill *v.* Randall *et al.*

powers for the protection of the inhabitants of a State; this is a domestic matter, to be governed and regulated by State laws. *Western Union Tel. Co.* v. *Pendleton,* 95 Ind. 12 (48 Am. R. 692); *U. S.* v. *Dewitt,* 9 Wall. 41; *U. S.* v. *Reese,* 92 U. S. 214; *Munn* v. *Illinois,* 94 U. S. 113; *Railroad Co.* v. *Husen,* 95 U. S. 465; *Civil Rights Cases,* 109 U. S. 3.

The State is not inhibited from enacting police regulations which operate upon instrumentalities or articles of commerce, provided no discriminations are made against classes of citizens, and no restrictions are placed upon commercial intercourse. *Western Union Tel. Co.* v. *Pendleton, supra; Sherlock* v. *Alling,* 93 U. S. 99; *County of Mobile* v. *Kimball,* 102 U. S. 691; *Munn* v. *Illinois, supra; Woodruff* v. *Parham,* 8 Wall. 123; *Slaughter House Cases,* 16 Wall. 36; *Cooley* v. *Board, etc.,* 12 How. 299; *Mayor, etc., of New York* v. *Miln,* 11 Peters, 102; *State* v. *Addington,* 77 Mo. 110.

In the case of *Patterson* v. *Kentucky,* 97 U. S. 501, the doctrine stated was applied to the case of a patented article, and the principle declared in that case rules here. The doctrine of the case just cited was fully approved in *Fry* v. *State,* 63 Ind. 552 (see opinion, 565), and must be deemed the law of this State.

We need not inquire whether a statute discriminating against patented articles would, or would not, be valid, for that is not here the question. We are not, therefore, required to review the cases of *Crittenden* v. *White,* 23 Minn. 24 (23 Am. R. 676), *Hollida* v. *Hunt,* 70 Ill. 109 (22 Am. R. 63), *Cranson* v. *Smith,* 37 Mich. 309 (26 Am. R. 514). Here there is no discrimination, for the statute simply prescribes a method by which our citizens can secure protection against fraud. The requirement that a record shall be made is not an unreasonable one, nor does it impede the free course of commerce; it simply compels an exhibition of the source of title and a description of the thing offered for sale. The intangible character of the thing put into market, and its peculiar

nature, distinguish it from other articles of commerce, and these make necessary laws of a peculiar character. It is the character of the commodity that makes necessary a law applying particularly to it, and not to articles of commerce in general, and in enacting a statute particularly applicable to a thing of a peculiar nature there is no discrimination, and no obstruction to the free course of commerce. Honest dealers can not be harmed by such a law, and if dishonest ones are, all the greater the merit of the law.

The answer avers that no copy of the letters patent was filed, and that no affidavit was made and filed; and it further alleges that the words " given for a patent " were not written in the note. We are not required to decide what the result would be if the answer averred no more than that the words " given for a patent " were not written in the note, for the other allegations in themselves make the answer good. We need not, therefore, determine whether the decision in *Helm* v. *First Nat'l Bank*, 43 Ind. 167 (13 Am. R. 395), is or is not to be regarded as correctly expressing the law; but it is proper to say that its force and reasoning are much shaken by the later cases. The decision in *Grover & Baker Sewing Machine Co.* v. *Butler*, 53 Ind. 454 (21 Am. R. 200), was based entirely on the case of *Ex Parte Robinson*, 2 Bissell, 309, and as that case has been overthrown by the decision of the court of supreme authority, the case built upon it must also go down. We must yield to the judgment of the court of last resort, and that requires us to declare that the case of *Grover & Baker Sewing Machine Co.* v. *Butler, supra,* is virtually overruled by the decisions of the Supreme Court of the United States. This result was really established by the decisions in *Fry* v. *State, supra,* and *Toledo Agricultural Works* v. *Work,* 70 Ind. 253, although not explicitly announced.

Judgment affirmed.

Filed May 26, 1885; petition for a rehearing overruled Sept. 17, 1885.