Filed April 4, 1891.

---

No. 48.

ROBERTSON *v*. COOPER ET AL.

PROMISSORY NOTE.—*Patent-Right.—Sale.—Non-Compliance with Statute.— Rights of Innocent Purchaser.*—A promissory note, not governed by the law merchant, given for a patent-right, the vender of which has not complied with the statute of this State, which requires venders of patent rights to file with the county clerk copies of the letters-patent, and to make an affidavit that the letters are genuine, and requiring that notes given for the purchase of such rights shall contain the words "given for a patent-right," can not be' collected by the payee, a purchaser with notice, or an innocent holder.

SAME.—*Exercise of Right in Another State.*—The fact that the right sold was to be exercised and enjoyed in another State is immaterial.

From the Dearborn Circuit Court.

*N. S. Givan*, for appellant.

CRUMPACKER, J.—Briefly stated, the facts in this case as shown by the pleadings, and proved at the trial, are these: On the 23d day of November, 1874, the appellees gave to W. N. Curtice & Bro. their promissory note for one hundred dollars, due six months after date, without relief from valuation laws. The note was given for the right to use, and to sell for others to use, in Campbell county, Kentucky, an alleged patented washing machine, designated as "Richardson's Little Washer." The sale was made and the note given in Dearborn county, Indiana, and the venders of the patent-right had not filed in the clerk's office in Dearborn county, copies of the letters-patent, nor an affidavit stating that the letters-patent were genuine and had not been revoked, and that they had authority to sell or barter the alleged patent-right, nor was there any affidavit filed showing the name, age, occupation or residence of the patentee or his agent. The note was dated at Guilford, Indiana. It designated no place of payment, and the clause "given for a patent-right" was not inserted in it. Before the note matured the appellant bought it of the payees for a valuable consideration, without knowledge that it was given for a patent-right, and they assigned it to him by endorsement.

Upon these facts the court below held that the collection of the note could not be enforced because the provisions of sections 6054 and 6055, R. S. 1881, concerning patent-rights, had not been complied with.

The law peremptorily requires venders of patent-rights in this State to file copies of their letters-patent duly authenticated, together with affidavits disclosing certain other facts, in the clerk's office in the county where sales are made, and that notes given for the purchase of such rights shall contain the clause "given for a patent-right." A penalty is imposed for the violation of any of the provisions of this law. See sections above cited. A promissory note given against the provisions of this statute can not be collected in the hands of the payee or a purchaser who buys with notice

of the consideration.   This was settled in the cases of *New* v. *Walker*, 108 Ind. 365, and *Brechbill* v. *Randall*, 102 Ind. 528.

It is insisted, however, that an innocent purchaser of such a note for a valuable consideration may enforce its collection where the actual consideration is not impeached, because the maker, as well as the payee of the note, ought to have seen that the provisions of the law were complied with.

No penalty is imposed upon the maker of a note for violating the provisions of the patent-right law.   It this case, too, the note is not negotiable under the law merchant, and it is well settled by a long line of decisions that the maker of such a note may assert any and all defences he may have against the note, whether legal or equitable, in the hands of an innocent purchaser the same as he could if it were in the hands of the payee.   The doctrine of *caveat emptor* applies to purchasers of such paper, and by its very terms he is put upon his guard.

In the hands of the payees the note was not collectible. No enforceable right can be founded upon a transaction against the penal laws of the State, and it is a familiar principle of law that one can not sell a higher right or interest in property than he has himself, excepting instances where the element of estoppel is involved.

We do not decide what the rights of the parties would be if the note in suit had been written payable at a bank in this State.

It is insisted further that the law regulating sales of patent-rights does not control in this case because the right sold was to be exercised and enjoyed in the State of Kentucky. We can not assent to this view.   This law is in the nature of a police regulation, and was designed to protect the citizens of the State against fraud and imposition.   It requires patent-right venders to record in public offices in counties in which they do business, certain information deemed important for the protection of those investing in this peculiar

intangible species of property. The consequences of the law operate against the vender directly and his franchise is affected only indirectly by its provisions. It is a just and equitable statute and should receive a liberal construction, and we are not inclined to impair its usefulness by limiting its operation according to the views advanced by counsel for the appellant.

It was the evident purpose of the Legislature in the enactment of this law to compel venders of patent-rights to file copies of the letters-patent and affidavits in all counties where sales are made without regard to the locality in which the right sold is to be exercised.

The judgment is affirmed, with costs.

Filed April 4, 1891.