PEOPLE'S STATE BANK OF BROWNSTOWN *v.* JONES.

[No. 3,312.   Filed Dec. 12, 1900.   Rehearing denied April 25, 1901.]

PATENTS.—*Statute Construed.—Sale of Patented Article.*—A note executed in consideration of the sale and transfer to the maker of the note of the exclusive right and privilege of selling for use a certain article for which the payee claimed to have obtained letters patent of the United States, does not come within the provision of §§8130-8132 Burns 1894, relative to the sale of patent rights, since the statute relates to the sale of the intangible right secured by the letters patent, and not to articles manufactured under the patent.

From the Washington Circuit Court.   *Reversed.*

*J. C. Lawler* and *W. T. Branaman,* for appellant.

*O. H. Montgomery, D. A. Kochenour* and *M. B. Hottel,* for appellee.

COMSTOCK, J.—This action was commenced in the Jackson Circuit Court and upon change of venue was tried in the Washington Circuit Court.

The complaint is in two paragraphs, each based on a promissory note for $150, in the usual form, payable at a bank of this State to the order of one Wheeler, and assigned by him by written indorsement on the back thereof before maturity for a valuable consideration to the appellant. The cause was put at issue and a trial resulted in a judgment for costs in favor of appellee. The answer is in two paragraphs. The first and third specifications of error challenge the sufficiency of these paragraphs respectively. The first paragraph is as follows: "The defendant for answer to the complaint herein says that he admits the execution of the notes sued on and that $30 is a reasonable fee for the collection of each of said notes, and that the same are due and wholly unpaid, and admits all other material averments of the complaint to be true, but he avers that said notes were executed in consideration for the sale and transfer to him by one W. J. Gooch and the Portable Pantry Company, of the exclusive right and privilege of selling for use of certain portable pantries in Warren county, Indiana, until the 1st day of January, 1903, for which portable pantries the said W. J. Gooch claimed to have obtained letters patent of the United States. That said sale and transfer of the right to sell said alleged patented article took place and was consummated at Brownstown, in Jackson county, Indiana, on the 7th day of December, 1897, and that said W. J. Gooch had not, nor had any one else, then and there filed with the clerk of the court of said county a copy of his alleged letters patent, nor was any affidavit filed that such letters were genuine and had not been revoked or annulled, and that he and said Portable Pantry Company had full authority to sell or barter the right so patented. Nor was any affidavit so filed giving the name, age, occupation, and residence of said alleged patentee or his agent. And further that there is no clause in either of said notes containing the statement "given for a patent right", and that the plaintiff knew that said notes were given for an alleged patent right at the time

it purchased the same. The averments of the second paragraph are as stated in appellee's brief, "in substance and theory the same as those of the first." These answers are founded upon §§6054, 6055, 6056 R. S. 1881.

Section 6055 is as follows: "Any person who may take any obligation, in writing, for which any patent right, or right claimed by him or her to be a patent right, shall form the whole or any part of the consideration, shall, before it is signed by the maker or makers, insert in the body of said written obligation, above the signature of said maker or makers, in legible writing or print, the words 'given for a patent right.' "

The answers to be good under this section must aver facts showing that the consideration in whole or in part for which said notes were given was a patent right or a right claimed to be a patent right. Do they contain such averments? The only averment of consideration in either paragraph is "that said notes were executed in consideration for the sale and transfer to him by one W. J. Gooch and the Portable Pantry Company of the exclusive right and privilege of selling for use of certain portable pantries in Warren county, Indiana, until the 1st day of January, 1903." The consideration thus alleged is only the transfer of the exclusive right to sell a manufactured article, a tangible thing for a limited time in a particular locality.

In *Hankey* v. *Downey,* 116 Ind. 118, the Supreme Court distinguish between the tangible thing manufactured under a patent and the intangible right evidenced by the patent, saying, by Elliott, J., at p. 119: "The difference between the article manufactured and the right secured by the patent is clearly recognized." And at p. 120: "As there is a distinction between the intangible right and the tangible thing manufactured under the right, and as the statute uses words embracing only the intangible right, it can not be extended by construction to tangible articles manufactured under letters patent. The words used in the statute have a clear

and well defined meaning, and that meaning we must ascribe to them. If, however, we were compelled to look beyond the words, we should not hesitate to hold that it was not the intention of the legislature to compel every merchant or dealer who sells articles manufactured under a patent to perform the acts prescribed by the statute, but that the intention was to compel the performance of those acts by vendors of the intangible rights secured by the letters patent. This intention is quite apparent when the general scope and purpose of the statute are given consideration, but, as we have said, the words themselves are unequivocal and clear." This expression of the Supreme Court is decisive of the question presented by the demurrers to the first and second paragraphs of answer.

Counsel for appellee in their able brief strongly rely upon the case of *New* v. *Walker,* 108 Ind. 365. It is also claimed that like answers were held good in *State Nat. Bank* v. *Bennett,* 8 Ind. App. 680, and in *Robertson* v. *Cooper,* 1 Ind. App. 78. In the two cases last named no question appears to have been raised on the pleadings. In *New* v. *Walker, supra,* the court say: "It is a sale of the patented right to sell the exclusive right to use and manufacture for sale and use the thing patented, for such a sale carries with it an interest in the patented right itself. Where the vendor sells a right to use and to manufacture for sale and use during the existence of the patent, he parts with all substantial rights in the patent in the territory embraced in the assignment. Curtis on Patents, §181; Walker on Patents, §296."

From the foregoing expression of the Supreme Court, counsel for appellee argue that the sale of the exclusive right to sell for use the patented article carries with it an interest in the patent right itself. We think that this deduction is not sound; it would lead to the conclusion that dealers who sell articles manufactured under a patent should perform the acts prescribed by the statute under consideration. The

same able judge spoke for the court in *New* v. *Walker,* 108 Ind. 365, and *Hankey* v. *Downey,* 116 Ind. 118. In the case last named, it is said: "In *New* v. *Walker, supra,* we affirmed that the statute was valid because it provided for the protection of the citizens by making provisions applicable to property of a unique character, for property of an intangible nature secured by an exercise of a governmental power of a peculiar kind, and operative only upon a single class of rights. The decisions in *State* v. *Peck,* 25 Ohio St. 26, and *Tod* v. *Wick, etc., Co.,* 36 Ohio St. 370, declare that a statute similar to ours is valid, but that it does not apply to articles manufactured under a patent. The distinction between the tangible thing and the intangible right is clearly established and maintained in very able opinions. Other cases declare a like doctrine. *Webber* v. *Virginia,* 103 U. S. 344, 26 L. Ed. 565; *Stephens* v. *Cady,* 14 How. 528, 14 L. Ed. 528; *Stevens* v. *Gladding,* 17 How. 447, 15 L. Ed. 155; *Patterson* v. *Kentucky,* 97 U. S. 501, 24 L. Ed. 1115; *Palmer* v. *State,* 39 Ohio St. 236; *Woolen* v. *Banker,* 17 Alb. L. J. 72." Under the decisions cited, we see no escape from the conclusion that the trial court erred in overruling the demurrers to the answers. This conclusion renders it unnecessary to consider the other specifications of errors.

The judgment is reversed, with instructions to sustain the demurrers to the first and second paragraphs of appellee's answer.