THE STATE OF KANSAS, *Appellant,* V. A. F. MOREY, *Appellee.*

No. 16,340.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Information — Amended Complaint.* In a criminal prosecution where both parties and the court treat an amended complaint as an information, and the court sustains a motion to quash, from which judgment the state appeals, the amended complaint will be regarded as an information.

2. ——— *Sale of Patent Right by Agent of Owner—Information.* In a criminal prosecution under section 4358 of the General Statutes of 1901, where the defendant is charged with having sold a patent right without complying with the provisions of the statute regulating the sale of patent rights, an information will not be held defective because it recites that the letters patent belonged to a corporation and that the contract of sale was executed by the defendant as president of the corporation.

3. ———— *Sale of Patent Right—Lease—Registration.* Where the owners of a patent right execute a contract by which they lease to another the exclusive right to sell a patented article in a specified territory and agree to protect the lessee in the exclusive sale of the same for the term of three years, the transaction constitutes a sale of a patent right within the meaning of the provisions of article 2 of chapter 76 of the General Statutes of 1901.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed November 6, 1909. Reversed.

*Fred S. Jackson,* attorney-general, and *W. A. Ayres,* county attorney, for the appellant; *J. G. Campbell,* and *Ray Campbell,* of counsel.

*Houston & Brooks,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the state appeals from a judgment quashing a complaint. The appellee was arrested on a warrant issued out of the city court of Wichita, on the complaint of Lafayette Gratner, charging him with having sold a patent right without having complied with the provisions of the statute requiring persons selling patent rights first to file with the clerk of the district court copies of his letters patent, duly authenticated, accompanied by an affidavit that the letters are genuine, and setting forth his name, age, occupation and residence, and, if an agent, the name, occupation and residence of his principal. A preliminary examination was waived, and the appellee was bound over to the district court. At the first term of court the state filed an amended complaint, and the appellee filed a motion to quash the same. This motion was sustained, and the state appeals. The motion to quash set up five grounds, four of which were directed at the sufficiency of the complaint because it failed to state a public offense and because the averments were indefinite and uncertain. The fifth ground was that no in-

formation had been filed. In respect to this objection it is clear that a failure to file an information would furnish no substantial reason for quashing the complaint. We confess our inability to understand upon what theory the state filed the amended complaint. The penalty in a case of this kind may be $1000 and six months in jail. (Gen. Stat. 1901, § 4358.) It was triable in the district court, and the original complaint had spent its force when the order of arrest had issued. (*Redmond v. The State*, 12 Kan. 172, 175.) There was therefore no occasion for the state to file an amended complaint, and if the motion had been to strike from the files upon the ground that the amended complaint had no office to perform we think the motion would have been good. All that was necessary for the state to do was to file an information. Indeed, the quashing of the amended complaint did not oust the court of jurisdiction or end the proceeding, and there is no apparent reason why the state may not yet file an information.

The appellee insists that the appeal should be dismissed because the state is not authorized to appeal a criminal case except from a judgment quashing the information, or an order arresting the judgment, or on a question reserved (Gen. Stat. 1901, § 5721), and the contention is that as no information was filed there is no judgment from which the state could appeal. It is apparent, however, that both parties and the court treated the amended complaint as an information, and that the court held the complaint bad because it failed to state facts sufficient to constitute a public offense.

The real controversy, after all, is whether the complaint charges a public offense, and that depends upon whether it sufficiently avers the sale of a patent right within the provisions of section 4358 of the General Statutes of 1901, the appellee insisting that it fails for the reason that at most only a very inconsiderable and indefinite interest in a patent right was conveyed by the

contract. A copy of the contract which it is claimed the appellee executed is set out in the amended complaint. It recites that the M. & M. Oxygen Lighting Company, of Kansas City, Mo., a corporation, leases to the parties of the second part the exclusive right to sell a lighting machine which it holds and owns under United States patent No. 649,252, dated May 8, 1900, in certain counties of the state of Kansas, and the company agrees to protect the lessees in the exclusive sale of the same for the term of three years. A similar contract has been held to be a sale of a patent right within the meaning of the statute. (*Pinney v. Bank,* 68 Kan. 223; *Nyhart v. Kubach,* 76 Kan. 154.) Although the foregoing were civil actions, the provisions of the statute were construed, and the decisions are directly in point and determine the question.

A further objection is that the complaint charges that the appellee failed to file "his" letters patent while the contract refers to the patent as being the property of the lighting company and purports to be executed by the company instead of the appellee. The contract is executed by the company, the appellee signing as president of the company. The statute, however, makes it unlawful for any person to sell a patent right, either as agent or owner, without complying with the terms of the statute. If the appellee acted as the agent of the company in executing the contract he would be liable under the statute as much as though he acted for himself. The fact that the complaint refers to the letters patent as his instead of belonging to the company did not make the complaint indefinite or uncertain.

Treating the amended complaint as an information, it was error to sustain the motion to quash, and the judgment is reversed and the cause remanded for further proceedings.