ALBERT D. GRIMM, *Appellee,* v. CHARLES KUBACH et al., *Appellants.*

No. 17,670.

HEADNOTE BY THE REPORTER.

PROMISSORY NOTE—*Consideration—"Given for Patent Right."* A promissory note given in consideration of a patent right or any interest therein is illegal unless the words "given for a patent right" be legibly inserted in the body of the note above the signature of the maker. (Gen. Stat. 1909, § 5516.)

Appeal from Dickinson district court. Opinion filed February 8, 1913. Affirmed.

*C. S. Crawford,* of Abilene, for the appellants.

*E. C. Little,* of Kansas City, for the appellee.

*Per Curiam:* This action was brought by the appellee to recover from the appellants a sum alleged to have been paid by him to the holders of the appellee's promissory notes, which notes are alleged to have been given to appellants and the consideration for which was in whole or in part a patent right or an interest in a patent right; that the notes did not contain the words "Given for a patent right" as required by section 5516 of the General Statutes of 1909, and that the holders thereof, to whom the payments were made, were innocent holders. There was evidence to sustain the finding of the court in favor of the appellee.

The legal questions involved are decided in *Nyhart v. Kubach,* 76 Kan. 154, 90 Pac. 796, and in *Tredick v. Walters,* 81 Kan. 828, 106 Pac. 1067, the latter case being quite similar to this one. In that case the evidence in regard to the consideration was:

"Ques. Mr. Walters, I will ask you what, if anything, Mr. Betz said with reference to his patent? Ans. He said he had a patent—he said he had a patent on the use of the cable wire that was used to reinforce the posts." (p. 834.)

The portion of the opinion relative thereto is:

"These were the only representations in regard to a patent. It goes without saying that one who has an article designed for a particular use, who has the right to use the article for the purpose for which it is designed, and who sells such article to another, by necessary implication sells also the right to use the article for such purpose. The molds described in the contract were designed expressly for the manufacture of the posts claimed to have been patented, and the sale of such molds, by the terms of the contract, necessarily carried with it the exclusive right to manufacture, sell and use the posts claimed to be patented, within the designated territory for the time specified. The right to manufacture, sell and use a patented article is the very essence of the intangible thing called a patent, and brings the case squarely within the reasoning of *Hankey v. Downey,* 116 Ind. 118." (p. 834.)

In this case the appellee's evidence is:

"Q. Tell what they said and did.

"A. They made a proposition to me and told me what they did with agents, and if I would take an agency for my township they would sell me 12 machines and 12 sets of molds, price $6 and some cents apiece.

"Q. What was said about patents?

"A. They stated they had patents.

"Q. Did they say they had patents on both molds and fence?

"A. Yes, sir."

Railway Co. v. Harper County.

The following cases are also instructive as to the question involved: *The State v. Morey,* 81 Kan. 149, 105 Pac. 501; *Bolte v. Sparks,* 85 Kan. 13, 116 Pac. 224.

The judgment is affirmed.