Houston & Texas Central Railroad Company v. J. A. Mayes.

Decided October 19, 1904.

1.—Interstate Commerce—Failure to Furnish Cars—Penalty.

Articles 4497-4500, Revised Statutes, providing a penalty for failure to furnish cars for transporting property on demand therefor, as applied to an interstate shipment, are a proper exercise of police power by the State and not invalid as a State regulation of commerce between the States.

2.—Application for Cars.

Application to a railway agent to furnish cars held to be a sufficient compliance by the shipper with article 4497, Revised Statutes.

3.—Delay in Shipment.

Pleading and evidence held to justify submission of issue as to liability of railway for delay in receiving and shipping cattle.

Appeal from the District Court of Llano. Tried below before Hon. Clarence Martin.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*McLean & Spears,* for appellee.

EIDSON, Associate Justice.—This is an action brought by the appellee, J. A. Mayes, against the appellant, the Houston & Texas Central Railroad Company, to recover a penalty of $425 for the alleged failure of appellant to furnish seventeen stock cars demanded in writing by appellee, who at the same time tendered the appellant one-fourth of the freight charges, for the purpose of making a shipment of live stock from Llano, Texas, to Red Rock, O. T.; and also to recover of defendant $1875, damages alleged to have been sustained by his cattle on account of a delay of one day at Llano waiting for cars, of a stampede of said cattle in the pens at Llano, and of alleged negligence of appellant in transporting said cattle from Llano to Lampasas, the end of its line en route to Red Rock.

There was a trial before a jury on January 16, 1904, which resulted in a verdict and judgment for appellee for $425 as a penalty, and $500 damages to his said cattle.

All of appellant's assignments of error, except the eighth and ninth, raise and relate to the question that articles 4497 to 4500, inclusive, of the Revised Statutes of Texas attempt to regulate interstate commerce, and are therefore in contravention of the Constitution of the United States. The articles referred to are as follows:

"Art. 4497. When the owner, owners or managers of any freight of any kind shall make application in writing to the superintendent or person in charge of transportation, to any railway company operating a line at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company to supply the number of cars required at the point indicated in the application within a reasonable time, not to exceed six days from the receipt thereof, and shall furnish such cars to the persons applying therefor in the order applied for, without giving preference to any person.

"Art 4498. Said application for cars shall state the number of cars desired, the place at which they are desired, and the time they are desired; provided that the place designated shall be at some station or switch on the railroad.

"Art. 4499. When cars are applied for under the provisions of this chapter, if they are not furnished, the railway company so failing to furnish them shall forfeit to the party or parties so applying for them the sum of $25 per day for each car failed to be furnished, to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain.

"Art. 4500. Such applicant shall at the time of applying for such car or cars deposit with the agent of such company one-fourth of the amount of the freight charge for the use of such cars unless the said road shall agree to deliver said cars without such deposit, and said applicant shall within forty-eight hours after such car or cars have been delivered and placed as hereinbefore provided; it shall be the duty of the applicant to fully load the same, and upon failure to do so, he shall forfeit and pay to the company the sum of $25 for each car not used. And if the said applicant shall not use such cars so ordered by him, and shall so notify the said company or its agent, he shall forfeit and pay to the said railroad company in addition to the penalty herein prescribed the actual damages that such company may sustain by the said failure of the applicant to use said cars."

The principle involved in the contention of appellant was settled against appellant by the decision of our Supreme Court in Gulf C. & S. F. Ry. Co. v. Dwyer, 75 Texas, 572. In that case a similar statute, which reads as follows: "That any railroad company, its officers, agents or employes, that shall refuse to deliver to the owner, agent or consignee any freight, goods, wares and merchandise of any kind or character whatever, upon the payment or tender of payment of the freight charges shown by the bill of lading, the said railroad company shall be liable in damages to the owner of said freight, goods, wares or merchandise to an amount equal to the amount of freight charges for every day said freight, goods, wares and merchandise is held after payment or tender of the charges due as shown by the bill of lading, to be recovered in any court of competent jurisdiction," was assailed as being an attempt to regulate interstate commerce, and therefore in contravention of the United States Constitution. In passing upon the question involved, the court say:

"The statute we have under consideration, like every other law which gives a remedy to the shipper against the carrier for a violation of his contract, does in some remote degree affect interstate commerce when applied to a contract of carriage from one State to another. But it imposes no tax; it neither fixes nor regulates any rates; it makes no discrimination between commerce wholly within the State and that between the State and other States; it imposes no duty upon any carrier not already imposed by the common law. It applies to all railroad

companies in the State, and to all contracts of carriage alike, and merely provides a penalty for the purpose of enforcing a compliance with an obligation which already existed at common law. In respect of the question before us the statute is not distinguishable from any other law affording a remedy for the breach of a contract of carriage of goods between two States. We conclude that the statute was a proper exercise of the police power reserved to the State, and is therefore valid." Id., 581.

The following cases decided by the Supreme Court of the United States support the doctrine laid down in the Dwyer case, supra: Chicago M. & S. P. Ry. Co. v. Solan, 169 U. S., 133; Richmond & A. Ry. Co. v. R. A. Patterson Tobacco Co., 169 U. S., 311; Missouri K. & T. Ry. Co. v. McCann, 174 U. S., 580; Western U. Tel. Co. v. Con. Publishing Co., 181 U. S., 92. And we hold, as held in the Dwyer case, that the articles of the statute under consideration are a proper exercise of the police power reserved to the State, and are therefore valid.

The eighth assignment of error complains of the verdict of the jury in that it is contrary to the law and to the evidence in awarding plaintiff $425 as a penalty for defendant's failure to furnish cars, because plaintiff's demand for cars is not in conformity with the statute. Plaintiff's application for cars was as follows:

"Llano, Texas, April 9, 1903.—Mr. E. W. Tarrence, Agent H. & T. C. R. R. Co., Llano, Texas: Dear Sir.—For the purpose of making a shipment of cattle from Llano, Texas, to Red Rock, O. T., I desire 17 stock cars at Llano, Texas, on the 20th day of April, A. D. 1903. I herewith tender you one-fourth of the amount of the freight charges for the use of said cars. Very truly yours, J. A. Mayes."

This application was in writing and was presented to the local agent of appellant April 9, 1903, and at the same time one-fourth of the freight charges deposited with said agent. We are of opinion that said application is in substantial conformity with the statute, and that said assignment is not well taken.

Appellant in its ninth assignment of error complains of the fourth paragraph of the court's charge, alleging that the same is an incorrect and inaccurate presentation of the law, and under said assignment submits the proposition that the court erred in said paragraph because the same submits to the jury the issue whether or not defendant was guilty of an unreasonable and negligent delay in receiving and accepting plaintiff's cattle when tendered to it, because there was no pleading and no evidence raising said issue. We are of opinion that this contention of appellant is not sustained by the record. In our opinion there are sufficient allegations in the petition, and there is sufficient proof in the record to authorize the instruction complained of; and therefore we overrule said assignment.

Finding no error in the record, the judgment of the court below is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

EIDSON, ASSOCIATE JUSTICE.—In the original opinion in this case, in quoting the provisions of the law requiring railroad companies to furnish cars upon application therefor by any shipper of freight, articles 4497 and 4500 were quoted as contained in the Revised Statutes of 1895. Since writing that opinion the writer thereof. has discovered that the above articles were amended by. the Twenty-sixth Legislature (Acts of 1899, page 67) so as to read as follows:

"Article 4497. When the owner, manager or shipper of any freight of any kind shall make application in writing to any superintendent, agent or other person in charge of transportation, to any railway company, receiver or trustee operating a line of railway at the point the cars are desired upon which to ship any freight, it shall be the duty of such railway company, receiver, trustee or other person in charge thereof, to supply the number of cars so required at the point indicated in the application within a reasonable time thereafter, not to exceed six days from the receipt of such application, and shall supply such cars to the persons so applying therefor, in the order in which such applications are made, without giving preference to any person; provided, if the application be for ten cars or less, the same shall be furnished in three days; and provided, further, that if the application be for fifty cars or more, the railway company may have ten full days in which to supply the cars.

"Article 4500. Such applicant shall, at the time of applying for such car or cars, deposit with the agent of such company one-fourth of the amount of the freight charges for the use of such cars, unless the said road shall agree to deliver said cars without such deposit. And such applicant shall, within forty-eight hours after such car or cars have been delivered and placed as hereinbefore provided, fully load the same, and upon failure to do so, he shall forfeit and pay to the company the sum of twenty-five dollars for each car not used; provided that where applications are made on several days, all of which are filled upon the same day, the applicant shall have forty-eight hours to load the car or cars furnished on the next application, and so on; and the penalty prescribed shall not accrue as to any car or lot of cars applied for on any one day, until the period within which they may be loaded has expired. And if the said applicant shall not use such cars so ordered by him, and shall so notify the said company or its agent, he shall forfeit and pay to the said railroad company, in addition to the penalty herein precribed, the actual damages that such company may sustain by the said failure of the applicant to use said cars."

And desiring that the law applicable to the case should be correctly quoted in said opinion, that part of the original opinion in this case which quotes said articles 4497 and 4500 as contained in the Revised Statutes is eliminated, and the quotation of said articles as amended by the Act of 1899 and given above is substituted therefor.

The motion for rehearing presents the same questions as were considered and passed upon in the original opinion, and we find no reason for reversing our rulings then made. The motion for rehearing is overruled.

*Motion overruled.*

Delivered November 23, 1904.

Writ of error refused January 12, 1905.