MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. ANNIE
NELSON ET AL.

Decided April 29, 1905.

**1.—Fellowservant's Statute—Interstate Commerce.**

The Texas fellowservant's statute (Rev. Stats., arts. 4560f–4560h) making
railway companies liable in damages for the negligence of a servant affecting
another servant does not, as applied to injuries occurring in this State and
resulting in death, impose a burden on interstate commerce within the meaning
of the commerce clause of the Federal Constitution, and is not unconstitutional
as affecting railway companies engaged in interstate commerce.

**2.—Same—Police Power of States.**

In conferring upon Congress the right to regulate commerce it was not
intended to deprive the States of the right to legislate on subjects relating
to the health, life or safety of citizens, whether engaged in foreign or interstate
commerce, though such legislation might indirectly or remotely affect the com-
merce of the country.

**3.—Contributory Negligence—Charge.**

Where the issue of contributory negligence was fairly submitted in the
main charge, the court properly refused a further charge in relation thereto
repudiating the doctrine of comparative negligence and instructing that there
could be no recovery if both parties were guilty of negligence, causing the
injury, even though that of deceased was less than the negligence of the other
party.

**4.—Damages in Action for Death—Verdict not Excessive—Engineer.**

In an action for negligently causing the death of an engineer, 33 years
old, of good health and habits, earning an average of $96.75 per month, with
a capacity to earn $120 per month, who assisted in the homework, supported
his family well, and left a wife, 27 years old, and four children, from two
months to nine years old, a verdict for $16,000 in favor of the wife and
children is held not excessive.

Appeal from the District Court of Grayson. Tried below before
Hon. B. L. Jones.

*T. S. Miller, C. H. Smith* and *A. L. Beaty,* for appellant.—1. At
the time and place of Nelson's injuries appellant and its servants were
engaged as instruments of interstate commerce, and consequently the
Texas statute, articles 4560f to 4560h, making railway companies liable
in damages for the negligence of one servant affecting another, when
attempted to be applied here, imposes a burden on interstate commerce,
is in conflict with the Constitution of the United States, article 1,
section 8, giving Congress power to regulate commerce among the
several States, and article 6, providing that said Constitution and the
laws of the United States made in pursuance thereof shall be the
supreme law of the land, and is therefore inoperative. Rev. Stats. of
Texas, arts. 4560f to 4560h; Navigation Co. v. Insurance Co., 89 Texas,
1; U. S. Const., art. 1, sec. 6, and art. 6; U. S. Comp. Stat., 1901, p.
3174-3177; Railway v. Commission, 162 U. S., 197; Johnson v. Southern
Pac. Co., U. S. Sup. Court, Dec. 19, 1904; Telegraph Co. v. Pendleton,
122 U. S., 347; Brennan v. Titusville, 153 U. S., 289; McCall v.
California, 136 U. S., 104; Railway v. Pennsylvania, 136 U. S., 114;
Railway v. Illinois, 118 U. S., 557; Hall v. De Cuir, 95 U. S., 485.

*Wolfe, Hare & Maxey,* for appellees.—In conferring upon Congress the right to regulate commerce, it was never intended to deprive the States of the right to legislate on subjects relating to the health, life or safety of citizens, whether engaged in foreign or interstate commerce, though such legislation might indirectly or remotely affect the commerce of the country. Houston & T. C. R. Co. v. Mayes, 83 S. W. Rep., 53, and authorities cited; Sherlock v. Alling, 93 U. S., 99, 23 Law Ed., 819; King v. Amer. Transportation Co. (1 Flip), Fed. Case 7,787; Brechbill v. Randall, 102 Ind., 528; 1 N. E. Rep., 362; Norfolk & W. Ry. Co. v. Commonwealth, 93 Va., 749, 24 S. E. Rep., 837.

BOOKHOUT, ASSOCIATE JUSTICE.—While in the service of appellant as a locomotive engineer John E. Nelson sustained injuries from which he died. His widow, Annie Nelson, for herself and the minor children, brought suit and recovered against the company a verdict and judgment for $16,000 damages, from which this appeal is taken.

It is contended that at the time and place of Nelson's injuries appellant and its servants were engaged as instruments of interstate commerce, and consequently the Texas statute, making railway companies liable in damages for the negligence of one servant affecting another, when attempted to be applied here, imposes a burden on interstate commerce, and is in conflict with the Constitution of the United States, article 1, section 8, giving Congress power to regulate commerce among the several States.

The appellant requested a special charge substantially embracing the proposition insisted on, which the court refused, and such refusal is made the basis of the first assignment of error. The court did not err in refusing the charge. Deceased was killed in a collision between two of appellant's through freight trains at a point between Denison and the State line. He was pulling the southbound and the other engineer, whose alleged negligence is complained of, was running north. It was agreed in open court that the northbound train that collided with the train on which Nelson was engineer was loaded with stock principally; that some of the cars were not, but most of them were, loaded with stock that was being shipped by parties residing in Texas to parties residing in St. Louis and Chicago, to be sold under an arrangement with commission merchants; that the southbound train on which Nelson was engineer was loaded with freight, principally merchandise and things of that kind, that was being shipped from the Indian Territory or from the markets in St. Louis and Chicago to Texas; that a great deal of this freight had been sold by merchants in Chicago and St. Louis to merchants in Texas, and was being shipped to Texas. In her petition the plaintiff averred, as a ground of recovery, the negligent failure of the engineer and crew of the northbound train to keep a lookout and observe certain rules of the company in regard to its train brake system. There was evidence of this, and the court charged the jury in effect that such negligence, if established, would render the company liable, and refused special charges in the language quoted in the assignments of error. The federal question, same point, was also made in the answer.

In the case of Sherlock v. Alling, 93 U. S., 99, Alling, as administrator, brought suit against Sherlock and others, the owners of a line of steamers engaged in the carriage of passengers on the Ohio River. A collision between the boats resulted in the death of one of the passengers. Suit was brought by the administrator of the deceased in the State of Indiana. It was there contended that death having occurred by a collision between the boats engaged in interstate commerce under the laws of the United States, and that as the common law and maritime law gave no cause of action, the statute of Indiana, creating a cause of action in such case was void, because it placed a new burden upon interstate commerce.

In passing upon the validity of the statute, the Supreme Court said: "It only declares a general principle respecting the liability of all persons within the jurisdiction of the State, for torts resulting in the death of parties injured. And in the application of the principle it makes no difference where the injury complained of occurred in the State, whether on land or on water. General legislation of this kind, prescribing the liabilities or duties of a citizen of a State, without distinction as to pursuit or calling, is not open to any valid objection because it may affect persons engaged in foreign or interstate commerce."

In King v. Transportation Company, 14 Fed. Cases, p. 512, the court held that the State had exclusive control of all matters appertaining to its own police, and could establish and regulate ferries and control the moving of vessels in its harbors, and enact inspection laws, having such unlimited jurisdiction over all persons and things within its limits as any foreign nation. See also Houston & T. C. R. Co. v. Mayes, 83 S. W. Rep., 53; Brechbill v. Randall, 102 Ind., 528, 1 N. E. Rep., 362; Norfolk & W. Ry. Co. v. Commonwealth, 93 Va., 749, 24 S. E. Rep., 837.

In conferring upon Congress the right to regulate commerce, it was not intended to deprive the States of the right to legislate on subjects relating to the health, life or safety of citizens, whether engaged in foreign or interstate commerce, though such legislation might indirectly or remotely affect the commerce of the country. We think it clear that articles 4560f to 4560h, Revised Statutes of 1895, making railway companies liable in damages for the negligence of one of their servants affecting another does not, as here applied, impose a burden on interstate commerce within the meaning of the commerce clause of the Constitution of the United States.

Complaint is made of the action of the court in refusing the following special charge requested by defendant: "In this State there prevails no doctrine of comparative negligence; so, if you believe from the evidence in this case that both parties were guilty of negligence causing or contributing to the injuries to the deceased, Nelson, that is to say, if the persons operating the northbound train were guilty of negligence proximately causing said injuries, and said Nelson was guilty of negligence proximately contributing to cause said injuries, you will find for the defendant, even though you may believe from the evidence that Nelson's negligence was less than the negligence of the parties operating the northbound train."

Appellant plead that "the injury complained of, if any such was

sustained, was proximately caused or contributed to by the said John E. Nelson's own negligence and want of care and by that of his fellow servants." The court did not err in refusing the charge. The main charge fairly submitted the issue of contributory negligence insofar as it was called for by the pleading and evidence.

The verdict of the jury is complained of as being excessive. The evidence shows that the deceased was thirty-three years of age at the time of his death, and had a life expectancy of thirty-three and a third years. He was a man of good health and weighed 185 pounds. He was of good habits and supported his family well. He left surviving him his wife, twenty-seven years of age, and four children, two boys and two girls, their ages ranging from two months to nine years. The deceased had been an engineer for seven years, and was earning an average of ninety-six dollars and seventy-five cents per month. He was capable of earning one hundred and twenty-five dollars per month. When home he assisted in doing work about the house, built fires, brought in the water and assisted with the children. The verdict was for sixteen thousand dollars. In view of the evidence we can not say that the verdict is excessive. (Railway Co. v. Younger, 90 Texas, 387; Railway Co. v. Lacy, 86 Texas, 244; Railway Co. v. McVey, 81 S. W. Rep., 991.)

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.