### AMERICAN BELL TEL. CO. v. CUSHMAN et al.

### SAME v. HUBBARD et al.

(Circuit Court, N. D. Illinois. September 6, 1893.)

1. Patents for Inventions—Preliminary Injunction—Prior Adjudication —Additional Evidence.

The production of additional ex parte evidence attacking the validity of a patent is not a sufficient reason for denying an injunction when the patent has been sustained by the supreme court and by various circuit courts after exhaustive litigation, as in the case of the Bell telephone patent, No. 186,787.

2. Same—Infringement.

The Bell telephone patent, No. 186,787, is infringed by both the Corwin and the Cushman telephones.

3. SAME—COURTS—FOLLOWING PRIOR DECISIONS.

On a motion for preliminary injunction the circuit courts will follow decisions in other circuits adjudging certain devices to be infringements of a patent, especially when the parties are substantially the same.

4. SAME—LIMITATION BY FOREIGN PATENT.

The word "patented," as used in Rev. St. § 4887, providing that every patent for an invention which has been previously patented in a foreign country shall be limited to expire with the foreign patent, refers to the date of the actual issuance of the foreign patent, although the same is antedated, as in the English practice, to the day the application was filed.

In Equity. Suits for the infringement of letters patent No. 186,787, issued January 30, 1877, to Alexander Graham Bell, for a telephone. Motion for preliminary injunction. Granted.

Bond, Adams, Pickard & Jackson, F. P. Fish, and J. J. Storrow, for complainant.

Merritt Starr, Ephraim Banning, and L. C. Brooks, for defendants.

JENKINS, Circuit Judge. The patent involved in these suits has passed under the review of the supreme court of the United States, (Telephone Cases, 43 O. G. 377, 126 U. S. 1, 8 Sup. Ct. Rep. 778,) and its validity sustained. The history of the Bell telephone patents is the history of an enormous litigation, involving the truth of alleged anticipations sought to be sustained by a marvelous mass of evidence. The invention was attacked as perhaps no other invention was ever before attacked. It was sustained, and its integrity established by the decision of the highest and the ultimate judicial tribunal of the land. That decision must be held conclusive. If there was omission of evidence in that case, sought to be here supplied by ex parte testimony, I do not feel at liberty, in view of the many decisions of the federal courts sustaining this patent, to now give ear to such testimony upon the hearing of a motion for a preliminary injunction.

I entertain no doubt that the defendants infringe this patent. Mr. Chief Justice Waite declared:

"The patent itself is for the mechanical structure of an electric telephone, to be used to produce the electrical action on which the first patent rests. The third claim is for the use in such instruments of a diaphragm, made of a plate of iron or steel or other material capable of inductive action; the fifth, of a permanent magnet, constructed as described with a coil upon the ends nearest the plate; the sixth, of a sounding box as described; the seventh, of a speaking or hearing tube, as described, for conveying the sound; and the eighth, of a permanent magnet and plate combined. The claim is not for these several things in and of themselves, but for an electric telephone in the construction of which these things or any of them are used."

It would serve no useful purpose at this time and upon this motion to consider the claimed differences in the construction of the various devices. Whatever the variations in parts, the function performed is the same, the result attained is the same. That re-

sult is the invention of Mr. Bell. The claim is, as stated by the supreme court, not for the several things declared in the patent, but for an electric telephone in the construction of which, among other things, a permanent magnet, constructed as described, with a coil upon the end or ends nearest the plate, is used. The patent is not for the magnet, but for the telephone of which it forms a part. And the particular devices respectively claimed by defendants have been declared to infringe. In the Hubbard Case the Corwin telephone is the infringing device, and that was enjoined by Judge Acheson, and afterwards by Judge Lacombe. In the other case the Cushman telephone is used. That was also adjudged an infringing device by Judge Blodgett in Telephone Co. v. Cushman, 45 O. G. 1193, 36 Fed. Rep. 488. I ought not, if I were so disposed,—and I am not,—to disregard these adjudications. In the one case the very device is adjudicated to infringe. In the other, not only so, but substantially as between these same parties, for I cannot but regard as a subterfuge the putting forward of Cushman's wife as the responsible infringer with Cushman as a mere looker-on in the conduct of the business. A man cannot thus hide himself under his wife's petticoats. Cushman cannot thus avoid the consequences of the decree of the court. That decree remains unimpeached, and conclusive upon the rights of the parties.

The remaining question arises upon section 4887 of the Revised Statutes, which provides as follows:

"No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application. But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."

The patent in suit was granted January 30, 1877. The inventor, through Morgan-Brown, an agent in London, applied for an English patent by filing a provisional specification on the 9th day of December, 1876. In May, 1877, the English patent was issued, sealed on the 15th of May, but antedated to December 9, 1876, and conditioned that on or before June 9, 1877, a complete specification should be filed. The English statute permits this antedating of patents, but provides by St. 1852, (15 & 16 Vict. c. 83,) as follows:

"Sec. 24. Any letters patent issued under this act, sealed and bearing date as of any day prior to the actual sealing thereof, shall be of the same force and validity as if they had been sealed on the day as of which the same are expressed to be sealed and bear date, providing always that (save where such letters patent are granted for any invention in respect whereof a complete specification has been deposited upon the application for the same under this act) no proceeding in law or in equity shall be had upon such letters patent in respect of any infringement committed before the same were actually granted."

It is clear that no right exists in the patentee (when further and complete specification is required) before the actual granting of the patent. It is equally clear, I think, that under our statute this invention was not patented abroad at the time of the granting of the patent here. An application had been made, but not until after the granting of the patent here was the patent abroad issued. The invention is not patented abroad before the actual sealing and issuance of the patent. It seems to me clear that the meaning of our own statute is to limit the term of the monopoly so that it shall not exist longer than a previously granted monopoly abroad. But it is not to be so limited unless the invention has been previously patented abroad. The term "patented," as used in our statutes, does not mean the preliminary proceedings, but the actual issuance of the patent under the seal of the government speaking the exercise of sovereign will, investing the patentee with the grant of a monopoly. Gold & Stock Telegraph Co. v. Commercial Telegram Co., 31 O. G. 1559, 23 Fed. Rep. 340; Emerson v. Lippert, 42 O. G. 964, 31 Fed. Rep. 911; Seibert Cylinder Oil Co. v. William Powell Co., 47 O. G. 1072, 35 Fed. Rep. 591; Smith v. Goodyear Dental Vulcanite Co., 11 O. G. 246, 93 U. S. 486-498.

An injunction will issue.