## Stout et al. *v.* Gaar, Scott & Company.

[No. 3,709.    Filed April 25, 1901.]

Trial.—*Special Finding Not Signed.*—Where special findings and conclusions of law are not signed by the court, they will be considered as a general finding.    *p. 582.*

Bills and Notes.—*Attorney's Fees.—When Cannot be Assessed.*—In an action on a note providing for attorney's fees, such fees cannot be assessed, where there is no allegation in the complaint relative to attorney's fees, and the finding contains nothing on the subject. *p. 583.*

Trial.—*Special Finding.—Insufficiency.—Judgment.*—A special finding which does not determine the amount of the judgment, and contains nothing from which the correct amount for which judgment should be rendered can be determined by mathematical computation, is insufficient, since the court cannot look to the evidence to ascertain the amount of recovery.    *p. 583.*

From the Hendricks Circuit Court.    *Reversed.*

*G. W. Brill, G. C. Harvey* and *J. McCormick,* for appellants.

*E. G. Hogate, J. L. Clark* and *R. T. Hollowell,* for appellee.

Roby, J.—Appellee brought suit against appellants upon certain promissory notes and for the foreclosure of a chattel mortgage securing them.    The court was requested to find the facts specially and to state conclusions of law thereon, and attempted to do so, but through some oversight neither the finding nor the conclusions were signed.    They must therefore be considered as a general finding.    *Service* v. *Gambrel,* 110 Ind. 349.    There was no finding of the amount due to the plaintiff.    The judgment appealed from is for $956.87, balance due of principal and .interest, and $62.85 attorney's fees; making a total of $1,019.72, unless a certain straw carrier is not returned to the appellee within thirty days; then the judgment shall be for $1,338.98, instead of $1,019.72.

The notes provide for the payment of attorney's fees. There does not seem to be any allegation in the complaint relative to such fees and the finding contains nothing upon that subject. Neither does the finding contain anything from which the correct amount for which judgment should be rendered can be determined by a mathematical computation. The finding, whether special or general, must determine the amount, or find such facts as leave nothing for the court to do except to make a mere mathematical calculation. The court can not look to the evidence to ascertain the amount of recovery, and no attorney's fee can be assessed unless there is a finding upon which the same can be predicated. *Johnson* v. *Bucklen,* 9 Ind. App. 154, 160; *Fruits* v. *Elmore,* 8 Ind. App. 278, 281.

There are a number of questions argued that upon another trial may not arise.

Judgment reversed, and case remanded with instruction to sustain the motion for a new trial with leave to both parties to reform issues, if desired.