## ARMIJO *v.* ARMIJO.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF NEW MEXICO.

No. 243. Argued April 16, 17, 1901.—Decided May 13, 1901.

The act of April 7, 1874, c. 80, entitled " An act concerning the practice in territorial courts, and appeals therefrom" constitutes the only right of review by this court on appeals from territorial courts; and in this case, in the absence of any findings by the Supreme Court of the Territory, and the court being without anything in the nature of a bill of exceptions, and there being nothing on the record to show that error was committed in the trial of the cause, this court has nothing on which to base a reversal of the judgment of the court below, and affirms that judgment.

THE case is stated in the opinion.

*Mr. J. H. McGowan* for appellant.

*Mr. Neill B. Field* for appellee.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This action was commenced on February 13, 1897, by the

appellee Justo R. Armijo against the appellant in the district court of Bernalillo County in the Territory of New Mexico, for the purpose of recovering the sum of $9434.44 as a balance due for services rendered during the five years prior to January 1, 1897. The defendant filed a plea of the general issue and also one of set-off. Thereafter the defendant moved to refer the case to a referee on the ground that the trial of the action would involve the taking of a long account, and the motion was granted over the objection of the plaintiff. A trial was had before the referee, who on August 18, 1898, filed his report in the clerk's office recommending judgment in favor of the plaintiff for $6097.92 and costs. The defendant filed exceptions to the referee's report on September 2, 1898, and on the 15th day of that month the exceptions were overruled, the findings of the referee adopted as the findings of the court and judgment rendered for $6097.92 with interest and costs.

The defendant then sued out a writ of error, and also appealed from the judgment to the Supreme Court of the Territory. For the purpose of a review in that court the defendant annexed to the judgment roll a paper purporting to contain certain evidence taken on the trial before the referee, but the same was not authenticated in any manner, either by the certificate of the stenographer who took the testimony, or by the referee, or by the judge of the court in which the trial was had. No compliance with the territorial law or with the rules of the court relating to the authentication of testimony appears by the record. There was no bill of exceptions incorporating therein the testimony and no bill was ever signed by any judge, but on the contrary the record shows that the judge declined and refused to sign, seal or settle the bill of exceptions, and it was then stated in the alleged bill that the defendant excepted to such action of the court. This is all, so far as the record shows, that the defendant did towards procuring a bill of exceptions to be signed.

It may be surmised that the court refused to sign the proposed bill of exceptions because of the recital which preceded the commencement of the testimony, in which it was stated that the evidence thereafter set out was all the evidence intro-

duced and received on the trial of the cause, while the evidence thus certified omitted all mention of the exhibits which were offered and received in evidence by the referee, and to which attention was directed by him in his report and upon which his report was to some extent based. The proposed bill contained nothing but the oral evidence alleged to have been given on the trial of the cause before the referee. Whatever may have been the reason, the fact is that the bill of exceptions was not signed or in any manner authenticated by the judge of the court or by the referee, or even by the stenographer taking the evidence. Although exceptions to the report of the referee seem to have been filed and those exceptions overruled by the court in ordering judgment upon the report of the referee, the defendant never made any motion for a new trial.

After the writ of error was sued out and the appeal taken to the Supreme Court of the Territory counsel for the plaintiff in that court moved to strike from the transcript filed such part thereof as purported to set forth the evidence adduced on the hearing of the cause sought to be reviewed and to affirm, with damages for the delay, the judgment of the trial court and to enter judgment in this (territorial) court against the appellant for the reasons stated by him in such motion, among which was that no motion for a new trial had been made below. Thereafter the court decreed that the motion of the defendant in error and appellee to affirm the judgment on the ground that no motion for a new trial was filed in said cause, and to enter the same against the appellant and the sureties on her supersedeas bond, should be sustained and the rest of the motion overruled, and thereupon the judgment was affirmed against the appellant and the sureties on her supersedeas bond together with the costs of the Supreme Court. Judgment having been entered, the defendant appealed therefrom to this court.

After the appeal was taken application was made on the part of the appellant to the Supreme Court of the Territory to find the facts in accordance with the requirements of the act of Congress, and the court denied such application, and ordered it to be certified here that, for the reasons disclosed by the judgment, that court was unable to find the facts, the appeal not

having been perfected in such manner as to bring them before that court, and this denial was certified by its Chief Justice. The Supreme Court decided that in order to bring before it the facts in a case tried before a court or referee it was necessary that a motion for a new trial should be made in the court below, and if such motion were not made the facts in the case were not brought before the appellate court on the writ of error or appeal.

This matter of practice in the courts of the Territory is based upon local statutes and procedure, and we are not disposed to review the decision of the Supreme Court in such case. *Sweeney* v. *Lomme,* 22 Wall. 208. Our jurisdiction to review judgments of territorial courts is found in the statute approved April 7, 1874, chapter 80, entitled "An act concerning the practice in territorial courts, and appeals therefrom." 18 Stat. 27.

In cases not tried by a jury the record is brought before us by appeal, and on that appeal the act provides that, "instead of the evidence at large, a statement of the facts of the case in the nature of a special verdict, and also the rulings of the court on the admission or rejection of evidence when excepted to, shall be made and certified by the court below, and transmitted to the Supreme Court, together with the transcript of the proceedings and judgment or decree," etc.

This statute constitutes our only right of review on appeals from the territorial courts. *Apache County* v. *Barth,* 177 U. S. 538, 541; *Grayson* v. *Lynch,* 163 U. S. 468, 473.

In the absence of any findings by the Supreme Court of the Territory and also being without anything in the nature of a bill of exceptions, we have nothing on which to base a reversal of the judgment in this case. The refusal of the Supreme Court to make findings is justified by its certificate that the facts were not before it. The report of the referee authorized the judgment that was entered, and there is nothing whatever in the record to show that any error has been committed in the trial of the case.

The judgment is therefore

*Affirmed.*