E. L. ALLEN, AND W. B. ALLEN, *as Administrator, etc.*, v. FRANCES J. RILEY.

No. 13,922.    (80 Pac. 952.)

SYLLABUS BY THE COURT.

1. PATENT-RIGHT—*Vendor Must Register Letters Patent—Case Followed.* The act of 1889 (Gen. Stat. 1901, secs. 4356-4358) requiring copies of letters patent and affidavits of their genuineness to be filed with the clerk of the district court is not invalid as an attempt to restrict the rights of holders of patents acquired under the federal statutes. The case of *Mason v. McLeod*, 57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327, followed.

2. CONTRACTS—*Rescission—Offer of Restoration—Costs.* Where the purchaser of a patent-right sold without a compliance with such act brings a suit to rescind the contract of sale and to recover the consideration paid, and in the petition offers to return all benefits received, and the defendant contests the rescission upon the ground that the statute is invalid, the plaintiff's right to the relief asked and to a judg-

ment for costs is not affected by an omission to offer to restore the patent-right before the commencement of the suit.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed May 6, 1905. Affirmed.

*C. W. Reeder, S. F. Newlon, Ryan & Ryan,* and *Loomis, Blair & Scandrett,* for plaintiffs in error.

*Means & Archer,* and *W. F. Shale,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: Mrs. Frances J. Riley conveyed to E. L. Allen a tract of land in exchange for $100 and the assignment to her of the rights held by E. W. Allen under a patent covering a washing-machine, so far as related to operations within the state of Kentucky. The transaction took place in Coffey county. No copy of the letters patent or affidavit of their genuineness had been filed with the clerk of the district court of that county, as required by the Kansas statute. (Gen. Stat. 1901, §§ 4356-4358.) Upon this ground Mrs. Riley brought a suit against the Allens to rescind the contract and to recover the value of the land, which had in the meantime passed into other hands, less the amount of money she had received. She recovered a judgment for $1250, from which error is now prosecuted.

Plaintiff in error claims that the act referred to is void, upon the ground that it attempts to restrict the right granted to the holder of a patent under the federal statute. The act has already been upheld against such attack in *Mason v. McLeod,* 57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. Rep. 327, where authorities are cited in support of the decision made, which is now reaffirmed. (See, also, 22 A. & E. Encycl. of L. 446; *Union Nat. Bank v. Brown* [Ky. App.], 41 S. W. 273, 38 L. R. A. 503, 72 Am. St. Rep.

420; *State v. Cook,* 107 Tenn. 499, 64 S. W. 720, 62 L. R. A. 174.)

A second objection to the judgment rendered is based upon the fact that the plaintiff did not, prior to beginning her suit, offer to restore to the defendants the patent-right that had been assigned to her, although an offer to do so was made in her petition. It is urged that this omission was fatal to a recovery, or at all events should have prevented any judgment for costs against the defendants. Such a tender was not a prerequisite to the bringing of the suit. There was nothing in the character or circumstances of the case to take it out of the general rule, which is thus stated in *Thayer v. Knote,* 59 Kan. 181, 182, 52 Pac. 433:

"Where equity requires the restoration of what has been received under a contract as a condition to its rescission, it is sufficient to make the offer of restoration in the petition, and not necessarily before the bringing of suit."

(See, also, 24 A. & E. Encycl. of L. 621.)

If the defendants, upon being sued, had consented to accept the return of the patent-right and make restitution upon their own part they might well have claimed exemption from liability for costs, but in view of the fact that they contested the rescission of the contract in the trial court, and are still contesting it in this court, they are in no position to complain of the award made.

Other assignments of error are made and argued, but they are based upon assumptions of fact that are contradicted by the findings of the jury, and need not be discussed. The judgment is affirmed.

All the Justices concurring.