## MICHENER v. WATTS.

[No. 21,910.     Filed October 24, 1911.]

1. CONTRACTS.—*Patent Rights.*—*Failure to Observe Statute.*—*Recovery of Consideration.*—Under §9720 Burns 1908, Acts 1899 p. 112, §1, providing that "it shall be unlawful for any person to barter any patent right * * * in any county * * * without first filing with the clerk of such county copies of the letters patent," etc., a vendor who sells such rights without complying with the requirements of such statute is guilty of a misdemeanor; and a vendee having no notice of such vendor's failure so to comply may recover the purchase money paid.   p. 376.

2. CONTRACTS.—*Prohibited.*—*In Pari Delicto.*—Ordinarily the law gives no assistance to violators of the law; but where a contract of sale is prohibited for the protection of the vendee, he is not *in pari delicto* with the vendor, and may recover the consideration yielded in the contract.   p. 377.

From Hamilton Circuit Court; *Fred E. Hines,* Special Judge.

Action by Elmer Watts against Ulysses G. Michener. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*Roberts & Vestal,* for appellant.

*Shirts & Fertig,* for appellee.

MONKS, J.—It appears from the complaint that appellant, without complying with the requirements of §§9720-9722 Burns 1908, Acts 1899 p. 112, sold and conveyed to appellee for $300 an alleged patent right. Section 9720, *supra,* provides that "it shall be unlawful for any person to sell or barter, or offer to sell or barter, any

patent right, the whole, or any part thereof, or any right which such person shall allege to be a patent right, * * * in any county within the State, without first filing with the clerk of the court of such county copies of the letters patent, duly authenticated, and, at the same time, swearing or affirming to an affidavit, before such clerk that such letters patent are genuine, and have not been revoked or annulled, and that he has full authority to sell," etc. The vendor is guilty of a misdemeanor if he fails to comply with said sections. It also appears from the complaint that appellee did not know when said contract was made, and when the $300 was paid, that appellant had not complied with said sections. As soon as appellee discovered that appellant had not complied with said sections, he offered to rescind said contract, and tendered to appellant a reassignment of said patent right, and demanded a repayment of said $300. This demand was refused by appellant, and appellee brought this action to recover said $300, paid for said patent right.

A demurrer to the complaint for want of facts was overruled, appellant refused to plead over, and judgment was rendered against him.

The selling of said patent right by appellant, without complying with said sections, was a misdemeanor. Ordinarily the law will not enforce contracts made in vio-

2. lation of law, or assist in recovering money paid on such contracts, but will leave the parties where it found them. *Winchester, etc., Light Co.* v. *Veal* (1896), 145 Ind. 506, 510, 511, and cases cited; 15 Am. and Eng. Ency. Law (2d ed.) 999–1001.

Where, however, a contract is prohibited by a positive statute, enacted to protect the vendee as against the vendor, as in this case, the parties have been held not to be *in pari delicto*, and the person for whose protection the statute was enacted has been permitted to recover the money or property parted with by him. *Mason* v. *McLeod* (1896),

57 Kan. 105, 45 Pac. 76, 41 L. R. A. 548, 57 Am. St. 327; *Allen* v. *Riley* (1905), 71 Kan. 378, 80 Pac. 952, 114 Am. St. 481 and note pages 483–489; *Tracy* v. *Talmage* (1856), 14 N. Y. 162, 181–186, 67 Am. Dec. 132 and note page 153; *Irwin* v. *Curie* (1902), 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830, and cases cited; *Bond* v. *Montgomery* (1892), 56 Ark. 563, 20 S. W. 525, 35 Am. St. 119, 123, and cases cited; *Deming* v. *State, ex rel.* (1864), 23 Ind. 416; *Scotten* v. *State, ex rel.* (1875), 51 Ind. 52; *Winchester, etc., Light Co.* v. *Veal, supra,* and cases cited; 1 Pomeroy, Eq. Jurisp. §403; 15 Am. and Eng. Ency. Law (2d ed.) 1004, 1005; 9 Cyc. 551–553; 2 Pomeroy, Eq. Jurisp. §§941, 942. See, also, *Smart* v. *White* (1882), 73 Me. 332, 40 Am. Rep. 356, and cases cited.

In 3 Addison, Contracts (3d Am. ed.) p. 520, it is said: "The law also implies a promise to refund money received under an illegal contract, where the plaintiff does not stand in pari delicto with the defendant. Where contracts, for example, are prohibited by statute, for the purpose of preventing one set of men from taking advantage of the necessities of others, and money is paid upon such contracts by one of those whom the law intended to protect, the person who has so paid his money does not stand in pari delicto with the person who has received it, and may, after the forbidden transaction is completed, bring an action upon a promise implied by law from the person who has got the money, to refund it."

In the case of *Bond* v. *Montgomery, supra,* the court said: " 'But where a contract otherwise unobjectionable is prohibited by statute which imposes a penalty upon one of the parties only, the other party is not in pari delicto, and, upon disaffirming the contract, may recover, as upon an implied assumpsit, against the party upon whom the penalty is imposed, for any money or property which has been advanced upon such contract.' " In Kansas, where the statute is substantially the same as in this State, the supreme

court held in the cases of *Mason* v. *McLeod, supra,* and *Allen* v. *Riley, supra,* that where the vendor had not complied with the statute, the vendee might rescind the contract and recover the purchase money paid or the property transferred, even though the contract had been fully executed.

The general rule, that the law will not enforce contracts made in violation of statute, or allow the recovery of money or property delivered in pursuance thereof, does not apply to appellee, for he cannot be said to be *in pari delicto* with appellant. The duties prescribed by said sections of the statute are imposed upon the vendor of patent rights, and are for the protection of purchasers. The law was not violated by appellee. He committed no wrong, and is not precluded from affirmative relief. The judgment is therefore affirmed.