## UNITED STATES v. TODAR.

### SAME v. PALASAN.

#### Nos. 4145, 4146.

Circuit Court of Appeals, Seventh Circuit.
May 23, 1930.

George L. Rulison, of South Bend, Ind., for the United States.

B. C. Gavit, of Bloomington, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge.

Pursuant to the provisions of title 28 U. S. Code, § 41(20), 28 USCA § 41(20), each of appellees brought suit against the United States for alleged breach of contract to transmit, for each of them, a sum of money to Bucharest, Roumania. The contracts were made July 2, 1919, while the United States was operating the Western Union Company. By stipulation the cases were tried together by the court in October, 1927, and judgment against appellant was given in each.

In the appellate proceedings to reverse these judgments we meet at the outset two vigorously pressed contentions by appellees: (1) That no appeal was applied for or allowed within the statutory period of three months from date of judgment; and (2) that no bill of exceptions was presented and filed within the term at which the judgments were rendered, nor within any extension of time made within the term.

The events, and their chronology, bearing on these issues are:

August 22, 1928, entry of the judgments.

November 19, 1928, service by appellant upon counsel for appellees of notices that the United States appeals from said judgments to the United States Circuit Court of Appeals; and on same day filing of such notices, with proof of service, in the clerk's

office of the District Court. Motion on same day for extension of time for filing bills of exceptions and assignments of errors. Order of court on same day extending time for filing bills of exceptions and assignments of errors to December 17, 1928.

December 11, 1928, order for thirty days' further time for filing bills of exceptions and assignments of errors.

December 26, 1928, bills of exceptions and assignments of errors filed.

January 14, 1929, petition filed and order granted, nunc pro tunc as of November 19, 1928, enlarging time for docketing the appeals in the Circuit Court of Appeals, seventy-five days from November 19, 1928.

April 25, 1930, order of this court made on appellees' petition of March 24, 1930, for writ of certiorari to bring up record of order of District Court of March 30, 1929, allowing appellant in each cause an appeal to this court, nunc pro tunc as of November 19, 1928. Certified transcript of record of such order of the District Court filed in this court accordingly.

■ Respecting the first contention, it seems clear that to confer jurisdiction of an appeal it must have been applied for in the court which gave the judgment, within three months after its rendition. Title 28, § 230, U. S. Code (28 USCA § 230), and many federal decisions.

After the entry of these judgments on August 22, 1928, the record discloses no further action respecting the appeals until the order of the District Court of March 30, 1929, allowing appellant an appeal in each case, nunc pro tunc as of November 19, 1928, which last date is within three months after the entry of the judgments.

Assuming, as we will, that this order sufficiently manifests application for and allowance of the appeals by the District Court as of November 19, 1928, we will consider the appeals as having been allowed within the statutory period.

■■ The second contention depends upon the terms of court, instead of the number of days following entry of judgment.

Bills of exceptions must be offered for settlement within the term at which the judgment was rendered, or within such extended time as is allowed by the court within that term. Exporters, etc., v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

Appellant does not dispute this proposition, but insists that, notwithstanding the legislation hereinafter referred to, the judgments were entered at the July term, 1928, of the court, and that this term endured until the beginning of the January term, 1929, of the court. If this is correct the bills of exceptions were presented and filed in due time.

Prior to the Act of Congress of April 21, 1928, the state of Indiana comprised one judicial district, with terms at statutory divisional points, Hammond being one of them, and the terms there, as specified by the statute then in force, beginning on the first Mondays of January and July. Act of Jan. 16, 1925 (43 Stat. 751). The Act of April 21, 1928, divided the state into two districts, and made Hammond a division of the "Northern District," fixing at Hammond terms to begin on the first Mondays of March and November. Act of April 21, 1928 (45 Stat. 437 [28 USCA § 153]). The last act in express terms repealed the Act of January 16, 1925, whereby the terms at Hammond had been fixed for the first Mondays of January and July. This, it would seem, served to abolish the old July term, and would make untenable appellant's contention that these judgments were entered at a July term of the court.

Assuming that the old January term was in session when the April 21 act was passed, it would follow either that that term was, under the new act, at once converted into the March term, or that the January term was continued by operation of law until the commencement of the November term under the new act; and so the term at which the judgments were rendered was either the extended old January term, or the new March term. It is not necessary that we decide which it is, for in either event the existing term, unless extended by an order of the court, would expire with the commencement of the next following November term. United States v. L. & N. R. Co. (D. C.) 177 F. 780; Loewe et al. v. Union Savings Bank (D. C.) 222 F. 342; Petition of Thames Towboat Co. (D. C.) 23 F.(2d) 493.

It appears that the first step respecting bills of exceptions in these cases was taken November 19, 1928, which was after the beginning of the November term, and therefore too late for lawful tender of bills of exceptions or the extension of time therefor.

This court passed upon a very similar question in McGlashan v. United States (C. C. A.) 71 F. 434. It was an action brought

148

in Wisconsin by the government to recover from a surety upon a recognizance alleged to have been forfeited in the District Court of Kansas. The recognizance was taken in the United States District Court of Kansas during the September term, 1889, and conditioned that the person recognized appear before the District Court of Kansas at the next term thereof, "to be held at Wichita on the first Monday of September, 1890." Under the then existing statute there was one term yearly at Wichita, beginning the *first* Monday of September. By Act of Congress of June 9, 1890 (26 Stat. 129), the District of Kansas was divided, and it was provided that terms be held at Wichita beginning the first Monday of March and the *second* Monday of September. Notwithstanding the statutory change, the court at Wichita was convened on the *first* Monday of September, 1890, and the party recognized failing to appear on that day, forfeiture of the bond was ordered.

This court held that the Act of June 9, although not in terms repealing the former act fixing the term, did so by necessary implication, and that the convening of the court on the first Monday of September, 1890, was therefore without authority of law, and that the order of forfeiture of the recognizance was inoperative and void; and it was ordered by this court that the judgment of the District Court, favorable to the United States, be reversed, with direction to render a judgment in favor of the surety.

Applying to the instant case what was there said, we cannot escape the conclusion that upon the repeal, on April 1, 1928, of the act by which the January and July terms of the District Court at Hammond had been constituted, the July term was abolished, and the first new term to convene there after the new act was passed was that of the first Monday of November, 1928.

We are thus constrained to hold that the order of the District Court of November 19, 1928, extending the time for filing bills of exceptions, and the judge's subsequent act of receiving and approving them as bills of exceptions, were without jurisdiction, and are a nullity; and that we have no right to consider the purported bills of exceptions as part of the record.

The record which is properly before us presents no issue bearing upon the validity of these judgments, and accordingly both judgments are affirmed.