**RIEKE METAL PRODUCTS CO. v. FINNEY**
**et al.**
**No. 5032.**

Circuit Court of Appeals, Seventh Circuit.
April 27, 1934.

Jno. F. Oberlin and Fay, Oberlin & Fay, all of Cleveland, Ohio (W. J. Vesey and Vesey, Shoaff & Hoffman, all of Fort Wayne, Ind., of counsel), for appellant.

Geo. B. Pitts, of Cleveland, Ohio (Frank E. Gavin and Gavin & Gavin, all of Indianapolis, Ind., of counsel), for appellees.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

The action was brought by appellees to recover certain royalties alleged to be due them under a contract whereby appellant was granted an exclusive license under certain letters patent and an application for patent. Jury was waived, and after trial of the issue the court found judgment for appellees, from which the appeal is prosecuted.

While we are free to say from our consideration of the record and briefs and the oral arguments that no reversible error is apparent to us, the condition of the record is such that most if not all of the questions raised we are not at liberty to consider.

The judgment was rendered February 2, 1933, at the December term of the Fort Wayne division of the District Court for the Northern District of Indiana. That term ended with the beginning of the April term of the court on the first Monday of April, 1933. Section 80, Judicial Code as amended April 21, 1928 (28 U. S. C. § 153 [28 USCA § 153]). Nothing was done during the December term to extend beyond that term the time for filing a bill of exceptions. What purports to be the bill of exceptions was first presented to the District Judge on the following May 13 (or possibly on May 1). Appellees thereupon raised the objection that the bill of exceptions was not tendered within proper time. The court overruled this objection, and approved the bill of exceptions June 10, 1933, indorsing thereon that the April term had commenced the first Monday of April; whereupon it was filed. Appellees insist here that the bill of exceptions is not properly a part of the record, and that this court should not consider it.

Appellant does not controvert these facts, which establish that the bill of exceptions was first presented after the term at which the judgment was entered, and without

any order made during that term, or at any time, extending the time for presenting the bill of exceptions; but contends that, since ninety days after final judgment are permitted by the statute for taking an appeal, it follows that the bill of exceptions may be presented within that time; and also that the rule as to time for filing bill of exceptions is not applicable to, nor would it be strictly applied in, equity cases.

For the last contention there is in any event no basis, since this is distinctly a law action. The waiver of trial by jury does not convert the law action into an equity suit. Neither is there basis for the contention that the time limit for taking appeals applies as well to the time within which the bill of exceptions must be presented. There is no relation between the two. As we said in the case of United States v. Todar, 41 F.(2d) 146, 147:

"Respecting the first contention, it seems clear that to confer jurisdiction of an appeal it must have been applied for in the court which gave the judgment, within three months after its rendition. Title 28, § 230, U. S. Code (28 USCA § 230), and many federal decisions."

"The second contention depends upon the terms of court, instead of the number of days following entry of judgment.

"Bills of exceptions must be offered for settlement within the term at which the judgment was rendered, or within such extended time as is allowed by the court within that term."

Where a bill of exceptions is desired, it must be presented to the court or judge during the term at which the final judgment is rendered, or within some extended time if the order for such extension is made within the term at which the judgment is rendered. Exporters, etc., Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; United States v. Todar, supra; Dunbar v. United States, 65 F.(2d) 497 (C. C. A. 7), certiorari denied 54 S. Ct. 81, 78 L. Ed. ——.

It follows that appellees' objection to the consideration upon this appeal of so much of the record as purports to be the bill of exceptions is well taken, and the purported bill of exceptions cannot be considered.

It appears that just before the oral argument of the cause in this court appellant submitted a motion for the entry in this court of an order in the words appearing in

the margin.[1] Briefs upon this motion were thereafter submitted.

Passing any question of the timeliness and manner of bringing this issue into the case, we will treat it as though it had been properly raised by the pleadings. In appellant's memorandum submitted in support of the motion it is stated: "By the present motion it is not sought to remand the case either for rehearing or for amendment as to facts which will bring it within a statute; * * * it is submitted that an order in effect granting a writ *coram nobis* * * * should be issued by this Court reversing the judgment of the said District Court and directing the dismissal of the complaint."

The statute upon which the motion is predicated declares it to be unlawful for any person to sell, etc., any patent right, or any part thereof, *in any county within the state* without first filing with the clerk of the county court of *such county* copy of the letters patent, with affidavit of genuineness, etc., as in the statute specified.[2]

If the contract as set out in the complaint is not a sale of a patent right "in any county within the state," the statute does not have application. There is nothing in the contract itself which indicates any design or purpose or undertaking applicable to "any county within" the state of Indiana. The contract does not specify where the patent and inven-

---

[1] "It appearing that in the matter of James Merle Finney and Mollie Schroeder, plaintiffs, vs. Rieke Metal Products Corporation, defendant, No. 412 Law, brought in the District Court of the United States, Northern District of Indiana, Fort Wayne Division, the declaration of complaint therein is based on a certain agreement dated January 2, 1927, by and between said plaintiffs, parties of the first part, and said defendant, party of the second part, that by said agreement said plaintiffs have undertaken to sell, barter, grant or license the right to manufacture, use or sell a patented article within the State of Indiana; that neither in said declaration is it averred, or elsewhere in the transcript of record herein does it appear, that said plaintiffs first filed with the Clerk of the Court of the County in Indiana in which such right was thus granted, copies of the Letters Patent duly authenticated, or any affidavit before such Clerk swearing or affirming that such Letters Patent are genuine and have not been revoked or annulled, and that said plaintiffs had full authority to sell or barter, grant or license the right so patented, or any part thereof, and the right to manufacture, use and sell the patented article, and setting forth the names, ages, occupations and residences of said plaintiffs;

"And it further appearing that in said cause said District Court has adjudged that the plaintiffs be and are entitled to recover from the defendant the amount of $5055.40 as principal for royalties under the aforesaid agreement thus set up in the complaint accruing up to the filing of the complaint, and that said plaintiffs are further entitled to recover the further sum of $608.06, interest thereon up to the date of entry of the judgment, together with the costs of the action laid out and expended;

"And it further appearing that the Statutes of the State of Indiana, whereof this Court has taken judicial notice, provide that (here follows Section 12225, Burns' Ind. Stats. 1926):

"On consideration whereof, it is the opinion of this Court that the failure of said plaintiffs to comply with the provisions of the aforesaid Statute of the State of Indiana rendered the aforesaid patent license agreement unlawful; that said agreement was void ab initio; and that said action for recovery under said agreement was illegal.

"Now, Therefore, it is Ordered, Adjudged and Decreed by this Court

"1. that the judgment of the said Court in this action be and the same is hereby reversed and that this cause be and the same is hereby remanded to the said District Court for further proceedings to be had therein in conformity to the opinion of this Court; * * *"

[2] "It shall be unlawful for any person to sell or barter, or offer to sell or barter, any patent right, the whole, or any part thereof, or any right which such person shall allege to be a patent right, or sell, barter, grant or license, or offer to sell, barter, grant or license, the right to manufacture, use or sell the patented article, whether either of said rights be exclusive or nonexclusive, in any county within the state, without first filing with the clerk of the court of such county copies of the letters patent, duly authenticated, and, at the same time, swearing or affirming to an affidavit before such clerk that such letters patent are genuine, and have not been revoked or annulled, and that he has full authority to sell or barter, grant or license the right so patented, or any part thereof, and the right to manufacture, use and sell the patented article, which affidavit shall set forth his name, age, occupation and residence, and if an agent, the name, occupation and residence of his principal. A copy of this affidavit shall be filed in the office of said clerk, and the clerk shall give a copy to the applicant, who shall exhibit the same to any person on demand."

tion shall be used, and, in the absence of a bill of exceptions, any evidence of facts and circumstances bearing thereon cannot be considered. While it is fairly to be gathered from the pleadings that manufacturing by appellant of barrels incorporating the invention was contemplated, there is no intimation that the place of manufacture be a county in Indiana, or any other specific location.

■ Indeed, we see nothing in the record available to us from which we may conclude that this is an Indiana contract, or that in its scope and purpose it bears any relation whatever to Indiana. The only statement in the contract itself respecting Indiana is that the party of the second part thereto (appellant) resides in Indiana. This of itself would not make of it an Indiana contract. The contract recites that it was entered into as of January 2, 1927, and the declaration alleges the date of entering into the contract to be February 17, 1927. The contract itself appears at its end to be dated "Cleveland, Ohio, February 17, 1927," where it is recited the parties of the first part resided. Appellant's answer admits the allegation of the complaint that the contract was made February 17, 1927, and this would tend to indicate that the contract was executed in Ohio and is an Ohio contract.

It is true that there is attached to the contract a notarial certificate reciting that on May 23, 1927, appellant's officers appeared before a notary and stated that they, Edmund J. and Irwin H. Rieke, appeared before the notary and swore that they signed appellant's name to the contract. The statement is merely that they signed it, with nothing to indicate when or where. It is likely, from the contract itself, that its terms had been agreed upon at least as early as the date which the contract initially states—January 2, 1927. In all this there is nothing to indicate whether the agreement itself was concluded in Ohio, Indiana, or any other state.

The contract was evidently in operation quite a while before the date of the purported acknowledgment on behalf of appellant—it specifies that the royalties provided for should begin January 2, 1927. The contract does not provide for acknowledgment, and the acknowledgment is no part of it; but appellant contends that the acknowledgment by appellant's officers was the last act, and, this appearing to have been done in Indiana, it must be considered an Indiana contract. This does not necessarily follow. Even if acknowledgment were essential, appellant's acknowledgment did not necessarily close the

contract. So long as the contract was not delivered, it lay within the power of appellant to refuse delivery of the signed contract and thus defeat it. It may well be that appellant's next step after acknowledgment of the contract was the manually taking of it to Cleveland and there delivering it to the parties of the first part, in which case, according to the rule appellant contends for, it would have been an Ohio contract and not affected by the Indiana statute.

■ So, for anything to the contrary appearing in the record, facts and circumstances may exist under which the contract was not an Indiana contract at all; and, there being no bill of exceptions, it will be presumed in favor of the judgment, that such sustaining facts and circumstances did in fact appear in evidence on the trial. Armijo v. Armijo, 181 U. S. 558, 21 S. Ct. 707, 45 L. Ed. 1000; Murray v. Louisiana, 163 U. S. 101, 16 S. Ct. 990, 41 L. Ed. 87; Shipe v. Consumers' Service Co., 29 F.(2d) 321 (C. C. A. 7).

■ It follows that appellant's insistence that the complaint is fatally defective in not reciting appellees' compliance with the statutory requirement respecting recording and filing of patents and affidavits, as specified in the statute, in the county in Indiana wherein appellant resided, can have no application where the complaint does not affirmatively show that the contract is an Indiana contract.

■ It further appears that the contracted license includes a pending application for a patent. The statute does not in any event apply to an application for patent. Ullman v. Thompson, 57 Ind. App. 126, 106 N. E. 611. The statute provides only for filing of copies of a *patent*. The application is not a patent. Indeed, applications for patents are not disclosed in the Patent Office while the application is pending there. The fact that subsequent to the contract two patents issued under the application does not change the situation. If the contract was valid when made, the subsequent granting of patents thereunder did not relate back and make the contract invalid.

■ The contract has several features. It gives appellant exclusive right to use the devices disclosed in the patent and application until June 15, 1937, at which time its rights become nonexclusive for the remainder of the terms of the patent or patents. Appellant agreed to pay appellees, quarter-yearly, a specified sum for each article manufactured

which embodied the patents or invention. There is a clause requiring the payments to be not less than $150 per quarter.

The complaint alleges that from January 2, 1927, to October 1, 1929, appellant manufactured rings embodying the patents, and accounted and paid to appellees therefor in accordance with the contract; but that after October 1, 1929, although appellant continued to manufacture the same rings, it refused to make accounting thereof and to make the specified payments, and that the amount of such payments is the subject matter of the suit. The court found in its judgment that the amount accrued at the stipulated rate from October 1, 1929, to May 4, 1931, the date of the filing of the complaint, was $5,055.40, exclusive of interest.

We are of opinion that the Indiana statute did not contemplate the highly inequitable situation whereby one might use the property of another, such as the patents or invention, and for a long period of time have and enjoy the benefits accruing therefrom, and then repudiate his agreement to pay the amount stipulated as royalty for each article made or sold.

If this were an action to recover a stipulated sum agreed to be paid for the patent and invention, without reference to royalties for actual use, a different situation might be presented. Michener v. Watts, 176 Ind. 376, 96 N. E. 127, 36 L. R. A. (N. S.) 142; Sandage v. Studabaker Bros. Manuf'g Co., 142 Ind. 148, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165. So also if the recovery sought were for a specified minimum royalty over and above the royalties which had been actually earned. But there is here no question of minimum royalties, nor respecting the consideration paid for the patents themselves. The recovery here sought was for the actual use by appellant of appellees' patents or invention.

 We do not find that the Indiana courts have had occasion to pass upon such a case, and we have not found other cases presenting such circumstances. We are of the view that, even if the statute were here applicable, appellant, having found it advantageous to make use of the patent and invention, and having used them, should be required to compensate appellees therefor; and that, in the absence of any evidence which might suggest a different measure of compensation, the court properly adopted that which the parties had stipulated.

The judgment is affirmed.